24-1407-cv
Swett Urquieta v. Bowe

# United States Court of Appeals
# for the Second Circuit

August Term, 2024

(Argued: September 10, 2024      Decided: October 31, 2024)

Docket No. 24-1407-cv

_____

MARIA ELENA SWETT URQUIETA,

*Petitioner-Appellant*,

v.

JOHN FRANCIS BOWE,

*Respondent-Appellee*.

Before:

WALKER, LOHIER, and PARK, *Circuit Judges*.

Petitioner-Appellant Maria Elena Swett Urquieta appeals from an order of the United States District Court for the Southern District of New York (Engelmayer, *J.*), denying her petition for repatriation of her son S.B.S. to Chile pursuant to the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, T.I.A.S. No. 11,670, 1343 U.N.T.S. 89, *reprinted in* 51 Fed. Reg. 10,494 (Mar. 26, 1986) (the "Hague Convention"), and its implementing statute, the International Child Abduction Remedies Act (ICARA), 22 U.S.C.

§§ 9001–11. Respondent-Appellee John Francis Bowe, S.B.S.'s father, does not contest Swett's *prima facie* case that he wrongfully retained their child, but the District Court found that Bowe established two affirmative defenses under Articles 12 and 13 of the Hague Convention. For substantially the reasons stated in the District Court's opinion and order entered on May 7, 2024, *Swett v. Bowe*, No. 24-CV-1379, 2024 WL 2034713 (S.D.N.Y. May 7, 2024), we **AFFIRM**.

> RICHARD MIN (Michael Banuchis, *on the brief*), Green Kaminer Min & Rockmore LLP, New York, NY, *for Petitioner-Appellant*.
>
> KAREN R. KING (Kathleen E. Cassidy, Jordan L. Weatherwax, Megan Knepka, *on the brief*), Morvillo Abramowitz Grand Iason & Anello P.C., New York, NY, *for Respondent-Appellee*.

PER CURIAM:

Petitioner-Appellant Maria Elena Swett Urquieta ("Swett")[1] appeals from an order of the United States District Court for the Southern District of New York (Engelmayer, *J.*) denying her petition for repatriation to Chile of her minor son S.B.S. from the United States, where S.B.S. was wrongfully retained by his father, Respondent-Appellee John Francis Bowe. Swett brings her claim under the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, T.I.A.S. No. 11,670, 1343 U.N.T.S. 89, *reprinted in* 51 Fed. Reg. 10,494

---

[1] As the District Court noted, the standard practice in Chile is to use a person's first surname when referring to her in shorthand. Accordingly, we refer to Petitioner-Appellant as "Swett."

(Mar. 26, 1986) (the "Hague Convention"), and its implementing statute, the

International Child Abduction Remedies Act (ICARA), 22 U.S.C. §§ 9001–11.  For

substantially the reasons articulated by the District Court in its opinion and order

entered on May 7, 2024, *Swett v. Bowe*, No. 24-CV-1379, 2024 WL 2034713

(S.D.N.Y. May 7, 2024), we **AFFIRM**.

## BACKGROUND

Swett, a Chilean actress, and Bowe, a writer based in the United States,

have a son, S.B.S., who was born in Minnesota in 2012.  Swett and Bowe

separated shortly thereafter but shared legal custody of S.B.S, who lived in Chile

with Swett.  While Swett enjoyed sole physical custody, she granted travel

authorizations that permitted S.B.S. to visit Bowe in New York City.  On

December 23, 2022, S.B.S. and Bowe traveled from Chile to New York under a

travel authorization that expired January 8, 2023.  This litigation arose because

Bowe refused to return S.B.S. to Chile on January 8.  Instead, he wrongfully

retained S.B.S., enrolled S.B.S. in school in New York City, and sought sole

custody.

On February 23, 2024, Swett filed this ICARA petition seeking S.B.S.'s

return.  The District Court held a two-week bench trial and denied Swett's

3

petition. In a thorough opinion, the District Court explained that Swett had made out a *prima facie* case of wrongful retention under the Hague Convention — a holding that Bowe does not contest — but that S.B.S. need not be returned to Chile because Bowe had established two affirmative defenses available under the Convention. This appeal followed.

## DISCUSSION

The District Court found that Bowe successfully established two affirmative defenses under the Hague Convention: the "well-settled" defense under Article 12, Hague Convention, art. 12; 22 U.S.C. § 9003(e)(2)(B), and the "child objection" defense under Article 13, Hague Convention, art. 13; 22 U.S.C. § 9003(e)(2)(B). The Article 12 well-settled defense "permits courts to consider the interests of a child who has been in a new environment for more than a year before ordering that child to be returned to [his] country of habitual residency." *Lozano v. Alvarez*, 697 F.3d 41, 52 (2d Cir. 2012). The defense is thus available only if over a year has passed from the wrongful removal or retention until the filing of the Hague Convention petition. The defense requires a respondent to show by a preponderance of evidence that the proceeding seeking the child's return commenced more than one year "from the date of the wrongful . . .

4

retention" and "the child is now settled in its new environment." Hague Convention, art. 12; 22 U.S.C. § 9003(e)(2)(B). We agree with the District Court that the petitioner can consent to an extension of time for the child's stay, in which case the retention becomes wrongful at the end of the extension. *See also Taveras v. Morales*, 22 F. Supp. 3d 219, 232 (S.D.N.Y. 2014) (assuming the same).

We have not previously decided, however, whether a petitioning parent can extend authorization for a child to remain outside the country of habitual residence *after* an initial instance of wrongful retention. This extension would postpone the date of wrongful retention for determining whether the well-settled defense is available. Today, we adopt the District Court's analysis of the defense.

The District Court correctly concluded that, even after an initial instance of wrongful retention, a parent may extend authorization for the child to remain outside the country of habitual residence. But it was also right to conclude that Swett did not consensually extend the authorized time and instead merely acceded to circumstances she felt she could not change after Bowe wrongfully retained S.B.S. on January 8, 2023. *Swett*, 2024 WL 2034713, at *31–34. Critically, the District Court found that Swett could not meaningfully consent to Bowe's continued retention because she lacked any practical ability to control Bowe's

5

decisions, had already filed a police report in Chile on January 10, 2023, and did not have any firm belief that Bowe would return S.B.S at the end of the extension. The District Court thus correctly found that Bowe's wrongful retention of S.B.S. occurred on January 8, 2023, and that the well-settled defense was available because Swett did not file her petition until more than a year after that date.

As to the remaining issues raised by Swett on appeal, we affirm for substantially the reasons articulated by the District Court in its detailed opinion and order entered on May 7, 2024.

## CONCLUSION

We have considered Swett's remaining arguments and conclude that they are without merit. For the foregoing reasons, the order of the District Court is **AFFIRMED**.